FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT** 2017 MAR 31 PM 1:05
**FOR THE DISTRICT OF COLORADO**

JEFF_ _ _ P. COLWELL
CLERK

Civil Action No:

BY_____ ___DEP. CLK

ANDREW J. O'CONNOR,

    Plaintiff,    **'17 - CV - 00807**

v.

ARRUPE JESUIT HIGH SCHOOL, and
TOM MALLARY, individually and severally,

    Defendants.

---

## COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1201 et. seq., and TITLE VII OF THE CIVIL RIGHTS ACT

---

**COMES NOW,** Plaintiff Andrew J. O'Connor and files this action against

Defendants Arrupe Jesuit High School and Tom Mallary (hereinafter "Defendants") for

actual damages and compensatory damages, punitive and statutory damages including,

but not limited to, intentional infliction of severe emotional distress, mental anguish, pain

and suffering plus reasonable attorney fees and costs associated with this action for

wrongful termination of a disabled person in violation of the Americans with Disabilities

Act 42 U.S.C. § 1201 et. seq., and Title VII  of the Civil Rights Act.

### JURISDICTION AND VENUE

Jurisdiction of this Court arises under 42 U.S.C. § 1201 et. seq., and Title VII  of the

Civil Rights Act. Venue is proper in the United States District Court, District of Colorado

because the actions and transactions occurred in this district and because both Plaintiff

and Defendants reside here, are located here or transact business here.

## PARTIES

1.  Plaintiff Andrew J. O'Connor, (hereinafter "Plaintiff") is a resident of Boulder County, Colorado.

2.  Defendant Arrupe Jesuit High School, (hereinafter "Arrupe") is a private Roman Catholic high school located at 4343 Utica Street, Denver, Colorado 80212 and which has 15 or more employees and at all times relevant to this action, Arrupe's actions were in violation of Colorado and Federal law including, but not limited to, 42 U.S.C. §1201 et. seq., and Title VII of the Civil Rights Act.

3.  Defendant Tom Mallary, (hereinafter "Mallary") is employed by Arrupre as Director of Arrupe Corporate Work Study Program and at all times relevant to this action acted within the course and scope of his duties as a director and employee of Arrupe and his actions were in violation of Colorado and Federal law including, but not limited to, 42 U.S.C. §1201 et. seq., and Title VII of the Civil Rights Act.

## FACTUAL ALLEGATIONS

4.  On February 18, 2016, Defendants discriminated against Plaintiff and wrongfully terminated him from his employment because of his disability, a traumatic brain injury in violation of the Americans with Disabilities Act 42 U.S.C. § 1201 et. seq. and Title VII of the Civil Rights Act.

5.  Plaintiff has a traumatic brain injury and belongs to a group protected by the Americans with Disabilities Act and enforced by the EEOC.

6.  Plaintiff graduated from law school in 1987 and practiced law as an assistant public defender and drug court attorney in Tampa, Florida and Santa Fe, New Mexico.

7.  On April 30, 1992, Plaintiff was severely injured and permanently disabled when he was hit head-on by a drunken driver in Pinellas County, Florida. Plaintiff suffered multiple blunt trauma injuries, including, but not, limited to: closed head injury resulting in a traumatic brain injury and necessitating a medically induced coma; fractured cheekbones resulting in surgery for titanium mesh implants, loss of teeth resulting in several surgeries for dental implants and bone grafts, surgical removal of damaged gall bladder and spleen, numerous surgeries to stop bleeding and repair damaged liver; two collapsed lungs or pneumothorax necessitating being placed on a ventilator and insertion of chest tubes; fractured femur necessitating surgery for insertion of titanium rod; broken tibia necessitating surgery for insertion of titanium rod; fractured ankle necessitating surgery for insertion of a metal plate, screws and bolts. Plaintiff was hospitalized for over one year and required numerous surgeries and was placed on a feeding tube for most of the time that he was hospitalized and his weight fell below 102 lbs.

8.  Plaintiff underwent speech therapy, occupational and physical therapy where he learned to walk and talk again; however, he was permanently disabled and placed on inactive status for medical incapacity not related to misconduct with the Florida Bar.

9.  Any one of the aforementioned serious injuries, but particularly the traumatic brain injury, qualifies Plaintiff as individual with a disability covered and

3

protected by the Americans with Disabilities Act and enforced by the EEOC.

10. On January 10, 2016, Plaintiff read a job announcement for a part-time activity bus driver in the St. Louis Catholic Church bulletin.

11. On January 16, 2016, Plaintiff applied for the job because he was a graduate of Jesuit High School in Tampa, Florida and wanted to give something back to a high school run by Jesuits.

12. Although, Plaintiff had earned a B.A. and J.D. and worked as an attorney he was qualified to work as a part-time activity bus driver because he has prior experience driving high school students as a logistics coordinator for the Colorado Outward Bound School.

Plaintiff is an extremely safe and cautious driver, has been driving for over 36 years and possesses a nearly perfect driving record which Mallary verified from the background check he performed with the Colorado Department of Motor Vehicles.

13. On February 16, 2016, Mallary interviewed Plaintiff and contacted his references and determined that he was qualified to work as a part-time bus driver and hired him for the position.

14. On February 16, 2016, Plaintiff safely and competently drove the Golden route without incident and Mallary was pleased with his performance and requested that he return the next day in order to drive the students.

15. In fact, Mallary provided Plaintiff with Master Route Schedule Golden #4 for Tuesday, Wednesday and Friday.

4

16. On February 16, 2016, Plaintiff went home and used Google in order to map quest the Golden Route.

17. On February 17 and 18, 2016, Plaintiff safely and competently drove the Golden route without incident using said maps and Mallary told him that he had a good grasp of the route.

18. On February 18, 2016, while Plaintiff was driving his route Mallary asked O'Connor and asked him several inappropriate questions which implied an illegal motive in violation of Title VII of the Civil Rights Act. Specifically, during the February 18, 2016, discussion Mallary stated that he had never hired a lawyer for a bus driver position and asked Plaintiff why a lawyer would apply for the job.

19. The above referenced question by Mallary implied an improper Motive. Plaintiff responded that he applied for the job wanted to give something back because he had graduated from a Jesuit High School.

20. Mallary then stated that in reviewing Plaintiff resume that he had noticed several gaps in employment and asked him why he was not practicing law. Plaintiff responded that he was not a member of the Colorado Bar and therefore could not work as an attorney in Colorado.

21. Mallary asked Plaintiff why he was not a member of the Colorado Bar and Plaintiff responded that he had difficulty passing the Colorado Bar Exam because he had a traumatic brain injury as a result of a car accident.

22. On February 16, 17, and 18, 2016, while driving the routes Mallary and Plaintiff discussed politics and Mallary asked him about his family and whether he was married and had children which also implied an illegal motive on

5

in violation of Title VII of the Civil Rights Act.

23. On February 18, 2016, Defendants discriminated against Plaintiff and wrongfully terminated him from his employment because of his traumatic brain injury in violation of Colorado and Federal law including, but not limited to, 42 U.S.C. §1201 et. seq., and VII of the Civil Rights Act.

24. On March 8, 2016, Plaintiff filed Charge of Discrimination with the EEOC. (See Charge of Discrimination dated March 8, 2016, attached and marked as Exhibit A)

25. On January 3, 2016, Plaintiff received Dismissal and Notice of Rights from the EEOC. (See Dismissal and Notice of Rights dated January 3, 2017, attached and marked as Exhibit B)

### FIRST CLAIM FOR RELIEF
### (Damages for Wrongful Termination)

26. Plaintiff hereby re-alleges and re-incorporates by reference all preceding allegations of law and fact contained in paragraphs 1-25.

27. Defendants engaged in illegal and unconstitutional discriminatory practices and wrongfully terminated Plaintiff because of his disability in violation of State and Federal laws; including, but not limited to, 42 U.S.C. §1201 et. seq., and Title VII of the Civil Rights Act.

28. As a proximate result of Defendants' wrongful termination, arbitrary, capricious, malicious and discriminatory conduct, Plaintiff suffered intentional infliction of severe emotional distress; loss of wages; and requests an award for actual and compensatory damages; requests reimbursement for medical bills for treatment for

exacerbation of symptoms of anxiety, depression and PTSD; punitive damages and attorney fees and costs in an amount to be fully proved at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Damages for Violations of 42 U.S.C. §1201 et. seq., and Title VII of the Civil Rights Act)

29. Plaintiff hereby re-alleges and re-incorporates by reference all preceding allegations of law and fact contained in paragraphs 1-28.

30. Defendants engaged in illegal and unconstitutional discriminatory practices and wrongfully terminated Plaintiff because of his disability in violation of State and Federal laws; including, but not limited to, 42 U.S.C. §1201 et. seq., and Title VII of the Civil Rights Act.

31. As a proximate result of Defendants' wrongful termination, arbitrary, capricious, malicious and discriminatory conduct, Plaintiff suffered intentional infliction of severe emotional distress; loss of wages; and requests an award for actual and compensatory damages; requests reimbursement for medical bills for treatment for exacerbation of symptoms of anxiety, depression and PTSD; punitive damages and attorney fees and costs in an amount to be fully proved at the time of trial.

## THIRD CLAIM FOR RELIEF
### (Damages for Intentional Infliction of Severe Emotional Distress)

32. Plaintiffs hereby re-alleges and re-incorporates by reference all preceding allegations of law and fact contained in paragraphs 1-31.

33. Defendants intentionally inflicted severe emotional distress upon

Plaintiff and engaged in illegal, unconstitutional discriminatory and discriminatory practices and wrongfully terminated Plaintiff because of his disability in violation of State and Federal laws; including, but not limited to 42 U.S.C. §1201 et. seq., and Title VII of the Civil Rights Act.

34. As a proximate result of Defendants' wrongful, retaliatory, arbitrary, capricious, and malicious and discriminatory conduct, Plaintiff suffered intentional infliction of severe emotional distress; loss of wages; actual and compensatory damages; and requests an award for actual and compensatory damages; requests reimbursement for medical bills for treatment for exacerbation of symptoms of anxiety, depression and PTSD; punitive damages and attorney fees and costs in an amount to be fully proved at the time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, having set forth various claims against the Defendants, Plaintiff Andrew J. O'Connor, prays for the following relief:

a.  That the Plaintiff be awarded punitive damages for deprivation of civil rights in violation of State and Federal laws; including, but not limited to 42 U.S.C. §1201 et. seq., and Title VII of the Civil Rights Act, including costs and attorney fees;

b.  That the Plaintiff be awarded damages to be fully proved at the time of trial including, but not limited to economic, compensatory and actual damages;

c.  That the Plaintiff be awarded general damages for Plaintiff's mental anguish, severe emotional distress and pain and suffering;

d.  That the Plaintiff be awarded their fees and costs associated with this action;

e.   That Plaintiff be awarded treble damages and reasonable attorney's fees and costs pursuant to 42 U.S.C. §1201 et. seq., and Title VII of the Civil Rights Act; and

f.   That the Court grant any such other relief that may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Andrew J. O'Connor, hereby demands a trial by jury.

**Dated:** March 30, 2017

Respectfully submitted,
**ANDREW J. O'CONNOR**

**ANDREW J. O'CONNOR**
1220 W. Devonshire Court
Lafayette, CO 80026
Tel: (303) 499-4585
Email: oconnorandrew@hotmail.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 541-2016-01150 |

| Colorado Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Andrew J. O'Connor** | **(303) 499-4585** | **08-30-1959** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1220 W. Devonshire Court, Lafayette, CO 80026** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ARRUPE JESUIT** | **15 - 100** | **(720) 726-3420** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4343 Utica Street,  Denver, CO 80212** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **02-16-2016** | **02-18-2016** |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.  **Personal Harm:** I was inappropriately questioned about my disability prior to hire and then denied hire or discharged from my position due to my disability.

II.  **Discrimination Statement:** I believe I was discriminated against based on my disability, in violation of the Americans with Disabilities Act of 1990, as amended insomuch as:

    a.  On or about February 16, 2016, I was interviewed for the Part time Activity Bus Driver position. During the interview, Tom Mallary the Director of the Work Study Program asked me multiple questions about my disability.

    b.  I performed my duties satisfactorily with no disciplinary issues.

    c.  On or about February 17, 2016, I drove my bus route and was chaperoned by Tom Mallary who expressed concern about my ability to perform my job duties because of my disability. Tom Mallary asked me, multiple times, if I would be too stressed or anxious to perform my duties, which I was not.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct. | NOTARY – *When necessary for State and Local Agency Requirements*<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
|---|---|
| **Mar 08, 2016**    X<br>Date            *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 541-2016-01150 |

| Colorado Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

   d.  **On or about February 19, 2016, I was told by Tom Mallary that I was no longer hired and that I did not need to report to work. I believe I was discharged due to my disability.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Mar 08, 2016**     X _____<br>_____    _____<br>Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

*Exhibit B*

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Andrew J. O'Connor
1220 W. Devonshire Court
Lafayette, CO 80026

From: Denver Field Office
303 East 17th Avenue
Suite 410
Denver, CO 80203

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2016-01150 | Holly Romero,
Enforcement Supervisor | (303) 866-1341 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Elizabeth Cadle,
District Director

January 03, 2017
(Date Mailed)

Enclosures(s)

cc: Tom Mallary
Director
Arrupe Corporate Work Study Program
4343 Utica St.
Denver, CO 80212